PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

LORENZO JARROD SNOW,

        Plaintiff,

    -v-                                               21-CV-0340-FPG
                                                              ORDER

NYS DOCCS COMMISSIONER ANTHONY
    ANNUCCI,

        Defendants.

───────────────────────────────

## INTRODUCTION

*Pro se* Plaintiff, Lorenzo Jarrod Snow, a prisoner currently incarcerated at the Attica Correctional Facility ("Attica"), filed this civil rights action seeking relief under 42 U.S.C. § 1983. ECF No. 1. Plaintiff alleges that Defendant New York State Department of Corrections and Community Supervision ("DOCCS") Commissioner Anthony Annucci denied him the ability request a court order for release, pursuant to New York State Correction Law § 72, as more particularly described in the Complaint. *Id*.

Plaintiff filed a Motion seeking permission to proceed *in forma pauperis*. ECF No. 2. The Motion was denied because it was incomplete and Plaintiff's action was administratively closed on March 8, 2021. ECF No. 3. Plaintiff filed a Motion to reopen his case explaining that he wrote to DOCCS Inmate Accounts on March 18, 2021, asking that they complete and return the "Prison Certification Section" of his *in forma pauperis* form.[1] ECF No. 5. Attica has not returned the Prison Certification Section. *Id*.

---

[1] Pursuant to 28 U.S.C. § 1915(a)(2), a plaintiff seeking to proceed *in forma pauperis* must, among other things, submit a certified copy of their inmate trust fund account statement (or institutional equivalent) for the six months immediately before their complaint was filed. This may be obtained from the correctional facility where they were confined during

1

For the reasons that follow, Plaintiff's Complaint will be dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A unless he files an amended complaint as directed below.

## DISCUSSION

Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), and has made a showing that he has requested the Prison Certification Section from Attica, he is granted permission to proceed *in forma pauperis*. Therefore, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court must screen this Complaint. Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2). Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted). But leave to amend pleadings may be denied when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

**I.    The Complaint**

In evaluating the Complaint, the Court must accept all factual allegations as true and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not

---

that time period or prison officials can complete and sign the "Prison Certification Section" of the Court's form motion. *See* 28 U.S.C. § 1915(a)(2).

necessary," and a plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted)); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) (discussing pleading standard in *pro se* cases after *Twombly*: "even after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases"). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004).

Plaintiff alleges that, on February 26, 2021, Defendant DOCCS Commissioner Anthony Annucci "failed to provide a system(s) or procedure(s) for [him] to access or utilize N.Y.S. Correction Law § 72, and denied [him] due process and/or access to the courts." ECF No. 1 at 5. As a result, Plaintiff was "unable to request 'Court Order' through DOCCS['s] existing programs and devices, permitting and/or authorizing [him] to leave the institution under guard," to "volunteer labor, services in the public interest, and/or disaster preparedness." *Id*. Plaintiff seeks a declaratory judgment for his "right to seek and pursue labor outside of the facility," pursuant to Section 72(2-a). *Id*.

**II.   Section 1983 Claims**

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d

3

865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

1. **New York Correction Law § 72**

Liberally construed, Plaintiff alleges that Commissioner Annucci denied him the ability request a court order, pursuant to New York State Correction Law § 72, to be released under guard to provide volunteer labor, services or otherwise assist with disaster preparedness. ECF No. 1 at 5. Correction Law § 72(2-a) states, in part:

> The commissioner, superintendent or director of an institution in which an inmate is confined, may permit an inmate, wishing to do so, to leave the institution under guard for the purpose of performing volunteer labor or services when in the public interest upon the threat or occurrence of a natural disaster, including but not limited to flood, earthquake, hurricane, landslide or fire.

N.Y. Correct. Law § 72(2-a) (McKinney). As an initial matter, Plaintiff has not established Annucci's personal involvement in any constitutional violation. To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Moreover, the theory of *respondeat superior* is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). "[T]here is no special rule for supervisory liability. Instead, a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (internal quotation marks and citation omitted).

Even assuming Plaintiff had established Annucci's personal involvement, to the extent that Plaintiff complains that he failed to follow DOCCS's rules and regulations, the Court notes that

an inmate's allegation that a prison rule or state regulation has been violated does not necessarily state a constitutional claim.  *See Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995); *Bolden v. Alston*, 810 F.2d 353, 358 (2d Cir.), cert. denied, 484 U.S. 896 (1987); *Concourse Rehab. & Nursing Ctr., Inc. v. DeBuono*, 179 F.3d 38, 43 (2d Cir. 1999) ("As we repeatedly have explained, the failure of a State authority to comply with State regulations cannot alone give rise to a § 1983 cause of action."); *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) ("[A] state authority's failure to comply with its own statutory regulations does not facially implicate an interest secured by the laws of the United States in order to assert a § 1983 claim.").  As alleged, Plaintiff's Complaint is subject to dismissal at this early stage of litigation.

   2.   **Access to Courts**

Liberally construed, Plaintiff alleges he has been denied access to the courts.  While it is true that a correctional facility must provide an inmate with meaningful access to the courts, *Bounds v. Smith*, 430 U.S. 817, 828 (1977), to state a constitutional claim, a plaintiff must make a showing that he has suffered, or will imminently suffer, actual harm; that is, that he was "hindered [in] his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  Thus, Plaintiff must show that he has suffered an actual injury traceable to the challenged conduct of the named Defendant.  A plaintiff has not shown actual injury unless he shows that a "nonfrivolous legal claim had been frustrated or was being impeded" due to the actions of prison officials. *Id*. at 351-52.

Here, Plaintiff alleges that he has been "unable to request 'court order' through DOCCS's existing programs and services, permitting and/or authorizing me to leave the institution under guard for the purpose of volunteer labor services in the public interest, and/or disaster preparedness." ECF No. 1 at 5. Plaintiff, however, has not alleged that he was denied meaningful

access to the courts or that he has suffered a legal injury as a result. Indeed, Plaintiff's Complaint lacks any allegations which plausibly suggest that he suffered an actual injury in any legal proceeding. Accordingly, Plaintiff's claim that he has been denied access to the courts is subject to dismissal.

### 3. Leave to File an Amended Complaint

In general, district courts should give *pro se* litigants leave to amend their complaints before facing final dismissal. *Cuoco*, 222 F.3d at 112. The Court will, therefore, permit Plaintiff to file an amended complaint in which the necessary factual allegations, if in existence, are included to address the statute of limitations and state a cause of action as detailed, *supra*. *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a *pro se* litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed. R. Civ. P. 15(a)(2) ("court should freely give leave when justice so requires").

### CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a). Accordingly, Plaintiff's request to proceed *in forma pauperis* is granted. For the reasons discussed above, Plaintiff's Complaint will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A unless Plaintiff's files and amended complaint **within 60 days of the date this Order is entered** in which he includes the necessary allegations as directed above and in a manner that complies with Rules 8 and 10 of Federal Rules of Civil Procedure. Plaintiff is advised that an amended complaint is intended to **completely replace** the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom.*, *Vesco & Co., Inc. v. Int'l Controls Corp.*, 434 U.S. 1014

(1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, Plaintiff's amended complaint **must include all of the allegations against the named Defendants** so that it may stand alone as the sole complaint in this action which the Defendants must answer.

## ORDER

IT HEREBY IS ORDERED, that Plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that Plaintiff is granted leave to file an amended complaint only as directed above **within 60 days of the date of this Order;**

FURTHER, that the Clerk of Court is directed to send to Plaintiff this Order, a copy of the original Complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that if Plaintiff does not file an amended complaint as directed above, the Clerk of Court shall close this case as dismissed with prejudice without further order;

FURTHER, that if Plaintiff does not file an amended complaint as directed above, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

Dated: April 19, 2021
Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court